**Rule 1910.10. Alternative Hearing Procedures.**

(a)  The action shall proceed as prescribed by Pa.R.C.P. No. 1910.11 unless the court by local rule adopts the alternative hearing procedure of Pa.R.C.P. No. 1910.12.

(b)  The president judge or the administrative judge of Family Division of each county shall certify that all support proceedings in that county are conducted in accordance with either Pa.R.C.P. No. 1910.11 or Pa.R.C.P. No. 1910.12. The certification shall be filed with the Domestic Relations Procedural Rules Committee, and shall be substantially in the following form:

I hereby certify that _____ County conducts its support proceedings in accordance with Pa.R.C.P. No. _____.

_____
(PRESIDENT JUDGE)                                              (ADMINISTRATIVE JUDGE)

[*Note:* Pursuant to Pa.R.C.P. No. 1910.10, the following counties have certified to the Domestic Relations Procedural Rules Committee that their support proceedings are conducted in accordance with the rule specified below.

| County | Rule |
|--------|------|
| Adams | 1910.11 |
| Allegheny | 1910.12 |
| Armstrong | 1910.12 |
| Beaver | 1910.11 |
| Bedford | 1910.11 |
| Berks | 1910.12 |
| Blair | 1910.11 |
| Bradford | 1910.12 |
| Bucks | 1910.11 |
| Butler | 1910.11 |
| Cambria | 1910.12 |
| Cameron | 1910.11 |
| Carbon | 1910.12 |
| Centre | 1910.11 |
| Chester | 1910.12 |
| Clarion | 1910.12 |
| Clearfield | 1910.11 |
| Clinton | 1910.11 |
| Columbia | 1910.12 |

| | |
|---|---|
| **Crawford** | **1910.11** |
| **Cumberland** | **1910.12** |
| **Dauphin** | **1910.11** |
| **Delaware** | **1910.11** |
| **Elk** | **1910.12** |
| **Erie** | **1910.11** |
| **Fayette** | **1910.11** |
| **Forest** | **1910.12** |
| **Franklin** | **1910.12** |
| **Fulton** | **1910.11** |
| **Greene** | **1910.11** |
| **Huntingdon** | **1910.11** |
| **Indiana** | **1910.12** |
| **Jefferson** | **1910.11** |
| **Juniata** | **1910.11** |
| **Lackawanna** | **1910.12** |
| **Lancaster** | **1910.11** |
| **Lawrence** | **1910.11** |
| **Lebanon** | **1910.12** |
| **Lehigh** | **1910.12** |
| **Luzerne** | **1910.12** |
| **Lycoming** | **1910.12** |
| **McKean** | **1910.12** |
| **Mercer** | **1910.11** |
| **Mifflin** | **1910.11** |
| **Monroe** | **1910.12** |
| **Montgomery** | **1910.11** |
| **Montour** | **1910.12** |
| **Northampton** | **1910.11** |
| **Northumberland** | **1910.11** |
| **Perry** | **1910.11** |
| **Philadelphia** | **1910.12** |
| **Pike** | **1910.11** |
| **Potter** | **1910.11** |
| **Schuylkill** | **1910.12** |

| | |
|---|---|
| Snyder | 1910.11 |
| Somerset | 1910.11 |
| Sullivan | 1910.11 |
| Susquehanna | 1910.12 |
| Tioga | 1910.11 |
| Union | 1910.11 |
| Venango | 1910.12 |
| Warren | 1910.12 |
| Washington | 1910.12 |
| Wayne | 1910.11 |
| Westmoreland | 1910.12 |
| Wyoming | 1910.11 |
| York | 1910.11 |

**EXPLANATORY COMMENT--1995**

Rule 1910.10 allows counties to choose one of two procedures for hearing support matters. The procedure in Rule 1910.11 provides for a conference before a conference officer, a conference summary and entry of an interim order for support calculated in accordance with the guidelines, and a right to demand a hearing de novo before a judge. The hearing must be held and the final order entered within sixty days of the written demand for hearing.

The procedure set forth in Rule 1910.12 provides for a conference before a conference officer, a record hearing before a hearing officer, and issuance of a report and recommendation to which exceptions may be filed within ten days. The court must hear argument and enter a final order within sixty days of the filing of exceptions.

Individual counties may, by local rule, permit interstate actions to proceed directly to a hearing officer or judge without a conference.

Subdivision (b) was added in response to requests from appellate court judges who find that it is often difficult to determine the rule with which actual support procedure is intended to comply. If a county wishes at any time to change its support procedure, the president or administrative judge has only to file a new certification with the staff of the Domestic Relations Procedural Rules Committee, indicating the rule according to which support matters will henceforth proceed.]

***Note:*** **For a complete list of the Alternative Hearing Procedures for each county: http://www.pacourts.us/courts/supreme-court/committees/rules-committees/domestic-relations-procedural-rules-committee.**

**Explanatory Comment**

In accordance with Pa.R.C.P. No. 1910.10, a judicial district may opt for one of two procedures for support matters; the procedure selected is then certified by the president judge or administrative judge to the Domestic Relations Procedural Rules Committee as prescribed in subdivision (b). Subdivision (b) was added in response to requests from appellate court judges who find that it is often difficult to determine the rule with which the actual support procedure is intended to comply. Subsequently, a judicial district may, at any time, change its support procedure by filing a new certification with the staff of the Domestic Relations Procedural Rules Committee indicating the rule according to which support matters will proceed. However, a judicial district may, by local rule, permit interstate actions to proceed directly to a hearing officer or judge without a conference.

The procedure set forth in Pa.R.C.P. No. 1910.11 provides for a conference before a conference officer, a conference summary and entry of an interim order for support calculated in accordance with the guidelines, and a right to demand a hearing *de novo* before a judge. The hearing must be held and the final order entered within 60 days of the written demand for hearing.

The alternate procedure, as set forth in Pa.R.C.P. No. 1910.12, provides for a conference before a conference officer, a record hearing before a hearing officer, and issuance of a report and recommendation to which exceptions may be filed within ten days. The court must hear argument and enter a final order within 60 days of the filing of exceptions.

In lieu of continuing the practice of including in the Note a 67-county list identifying the hearing procedure selected by the local county court, the list can now be found on the Domestic Relations Procedural Rules Committee website.

**Rule 1915.4-1. Alternative Hearing Procedures for Partial Custody Actions.**

(a)  A custody action shall proceed as prescribed by Pa.R.C.P. No. 1915.4-3 unless the court, by local rule, adopts the alternative hearing procedure authorized by Pa.R.C.P. No. 1915.4-2 pursuant to which an action for partial custody may be heard by a hearing officer, except as provided in subdivision (b).

(b)  Promptly after the parties' initial contact with the court as set forth in Pa.R.C.P. No. 1915.4(a), a party may move the court for a hearing before a judge, rather than a hearing officer, in an action for partial custody where:

(1)  there are complex questions of law, fact or both; or

(2)  the parties certify to the court that there are serious allegations affecting the child's welfare.

(c)  The president judge or the administrative judge of the family division of each county shall certify that custody proceedings generally are conducted in accordance with either Pa.R.C.P. No. 1915.4-2 or Pa.R.C.P. No. 1915.4-3. The certification shall be filed with the Domestic Relations Procedural Rules Committee of the Supreme Court of Pennsylvania and shall be substantially in the following form:

I hereby certify that _____ County conducts its custody proceedings in accordance with Pa.R.C.P. No. _____.

_____

(PRESIDENT JUDGE)                                        (ADMINISTRATIVE JUDGE)

[*Note:* Pursuant to Pa.R.C.P. No. 1915.4-1, the following counties have certified to the Domestic Relations Procedural Rules Committee that their custody proceedings generally are conducted in accordance with the rule specified below:

| COUNTY | RULE |
|---|---|
| Adams | 1915.4-3 |
| Allegheny | 1915.4-2 |
| Armstrong | 1915.4-3 |
| Beaver | 1915.4-3 |
| Bedford | 1915.4-3 |
| Berks | 1915.4-3 |
| Blair | 1915.4-3 |
| Bradford | 1915.4-2 |
| Bucks | 1915.4-3 |
| Butler | 1915.4-3 |
| Cambria | 1915.4-2 |

| | |
|---|---|
| Cameron | 1915.4-3 |
| Carbon | 1915.4-2 |
| Centre | 1915.4-3 |
| Chester | 1915.4-3 |
| Clarion | 1915.4-3 |
| Clearfield | 1915.4-3 |
| Clinton | 1915.4-3 |
| Columbia | 1915.4-3 |
| Crawford | 1915.4-3 |
| Cumberland | 1915.4-3 |
| Dauphin | 1915.4-3 |
| Delaware | 1915.4-2 |
| Elk | 1915.4-3 |
| Erie | 1915.4-3 |
| Fayette | 1915.4-2 |
| Forest | 1915.4-2 |
| Franklin | 1915.4-3 |
| Fulton | 1915.4-3 |
| Greene | 1915.4-2 |
| Huntingdon | 1915.4-3 |
| Indiana | 1915.4-3 |
| Jefferson | 1915.4-3 |
| Juniata | 1915.4-3 |
| Lackawanna | 1915.4-2 |
| Lancaster | 1915.4-3 |
| Lawrence | 1915.4-3 |
| Lebanon | 1915.4-3 |
| Lehigh | 1915.4-2 |
| Luzerne | 1915.4-2 |
| Lycoming | 1915.4-3 |
| McKean | 1915.4-3 |
| Mercer | 1915.4-3 |
| Mifflin | 1915.4-3 |
| Monroe | 1915.4-3 |
| Montgomery | 1915.4-3 |
| Montour | 1915.4-3 |

| | |
|---|---|
| **Northampton** | **1915.4-3** |
| **Northumberland** | **1915.4-3** |
| **Perry** | **1915.4-3** |
| **Philadelphia** | **1915.4-2** |
| **Pike** | **1915.4-2** |
| **Potter** | **1915.4-3** |
| **Schuylkill** | **1915.4-2** |
| **Snyder** | **1915.4-3** |
| **Somerset** | **1915.4-3** |
| **Sullivan** | **1915.4-3** |
| **Susquehanna** | **1915.4-3** |
| **Tioga** | **1915.4-2** |
| **Union** | **1915.4-3** |
| **Venango** | **1915.4-3** |
| **Warren** | **1915.4-2** |
| **Washington** | **1915.4-3** |
| **Wayne** | **1915.4-2** |
| **Westmoreland** | **1915.4-3** |
| **Wyoming** | **1915.4-3** |
| **York** | **1915.4-3** |

**Explanatory Comment—1994**

These rules provide an optional procedure for using hearing officers in partial custody cases. The procedure is similar to the one provided for support cases in Rule 1910.12: a conference, record hearing before a hearing officer and argument on exceptions before a judge. The terms ''conference officer'' and ''hearing officer'' have the same meaning here as in the support rules.

It is important to note that use of the procedure prescribed in Rules 1915.4-1 and 1915.4-2 is optional rather than mandatory. Counties which prefer to have all partial custody cases heard by a judge may continue to do so.

These procedures are not intended to replace or prohibit the use of any form of mediation or conciliation. On the contrary, they are intended to be used in cases which are not resolved through the use of less adversarial means.

**Explanatory Comment—2007**

The intent of the amendments to Rules 1915.4-1 and 1915.4-2, and new Rule 1915-4.3, is to clarify the procedures in record and non-record custody proceedings. When the first proceeding is non-record, no exceptions are required and a request for a de novo hearing may be made.]

***Note:*** **For a complete list of the Alternative Hearing Procedures for each county: http://www.pacourts.us/courts/supreme-court/committees/rules-committees/domestic-relations-procedural-rules-committee.**

**Explanatory Comment**

These rules provide an optional procedure for using hearing officers in partial custody cases. The procedure is similar to the one provided for support cases in Pa.R.C.P. No. 1910.12: a conference, record hearing before a hearing officer and argument on exceptions before a judge. The terms ''conference officer'' and ''hearing officer'' have the same meaning here as in the support rules.

It is important to note that use of the procedure prescribed in Pa.R.C.P. Nos. 1915.4-1 and 1915.4-2 is optional rather than mandatory. Counties which prefer to have all partial custody cases heard by a judge may continue to do so.

These procedures are not intended to replace or prohibit the use of any form of mediation or conciliation. On the contrary, they are intended to be used in cases which are not resolved through the use of less adversarial means.

The intent of the 2007 amendments to Pa.R.C.P. Nos. 1915.4-1 and 1915.4-2, and Pa.R.C.P. No. 1915-4.3, was to clarify the procedures in record and non-record custody proceedings. When the first proceeding is non-record, no exceptions are required and a request for a de novo hearing may be made.

In lieu of continuing the practice of including in the Note a 67-county list identifying the hearing procedure selected by the local county court, the list can now be found on the Domestic Relations Procedural Rules Committee website.

**Rule 1920.55-1. Alternative Hearing Procedures for Matters Referred to a Master.**

    (a)  Matters referred to a master for hearing shall proceed as prescribed by **[Rule]Pa.R.C.P. No.** 1920.55-2 unless the court by local rule adopts the alternative procedure of **[Rule]Pa.R.C.P. No.** 1920.55-3.

    (b)  The president judge or the administrative judge of Family Division of each county shall certify that all divorce proceedings which are referred to a master in that county are conducted in accordance with either **[Rule]Pa.R.C.P. No.** 1920.55-2 or **[Rule]Pa.R.C.P. No.** 1920.55-3. The certification shall be filed with the Domestic Relations Procedural Rules Committee and shall be substantially in the following form:

    I hereby certify that _____ County conducts its divorce proceedings that are referred to a master in accordance with **[Rule]Pa.R.C.P. No.** _____.

_____
(PRESIDENT JUDGE)                             (ADMINISTRATIVE JUDGE)

    [*Note:* Pursuant to Rule 1920.55-1, the following counties have certified to the Domestic Relations Procedural Rules Committee that divorce proceedings referred to a master are conducted in accordance with the rule specified below.

| | |
|---|---|
| **Adams** | **1920.55-2** |
| **Allegheny** | **1920.55-2** |
| **Armstrong** | **1920.55-2** |
| **Beaver** | **1920.55-2** |
| **Bedford** | **1920.55-2** |
| **Berks** | **1920.55-2** |
| **Blair** | **1920.55-2** |
| **Bradford** | **1920.55-2** |
| **Bucks** | **Both** |
| **Butler** | **1920.55-2** |
| **Cambria** | **1920.55-2** |
| **Cameron** | **1920.55-2** |
| **Carbon** | **1920.55-2** |
| **Centre** | **1920.55-2** |
| **Chester** | **1920.55-2** |
| **Clarion** | **1920.55-2** |
| **Clearfield** | **1920.55-2** |

| | |
|---|---|
| **Clinton** | **no masters** |
| **Columbia** | **1920.55-2** |
| **Crawford** | **1920.55-2** |
| **Cumberland** | **1920.55-2** |
| **Dauphin** | **1920.55-2** |
| **Delaware** | **1920.55-3** |
| **Elk** | **1920.55-2** |
| **Erie** | **1920.55-2** |
| **Fayette** | **1920.55-2** |
| **Forest** | **1920.55-2** |
| **Franklin** | **1920.55-2** |
| **Fulton** | **1920.55-2** |
| **Greene** | **1920.55-2** |
| **Huntingdon** | **no masters** |
| **Indiana** | **1920.55-2** |
| **Jefferson** | **1920.55-2** |
| **Juniata** | **1920.55-2** |
| **Lackawanna** | **1920.55-2** |
| **Lancaster** | **1920.55-2** |
| **Lawrence** | **1920.55-2** |
| **Lebanon** | **1920.55-2** |
| **Lehigh** | **1920.55-2** |
| **Luzerne** | **1920.55-2** |
| **Lycoming** | **1920.55-2** |
| **McKean** | **1920.55-2** |
| **Mercer** | **1920.55-2** |
| **Mifflin** | **no masters** |
| **Monroe** | **1920.55-2** |
| **Montgomery** | **1920.55-3** |
| **Montour** | **1920.55-2** |
| **Northampton** | **1920.55-2** |
| **Northumberland** | **1920.55-2** |
| **Perry** | **1920.55-2** |
| **Philadelphia** | **1920.55-3** |
| **Pike** | **1920.55-2** |
| **Potter** | **no masters** |

| | |
|---|---|
| **Schuylkill** | **1920.55-2** |
| **Snyder** | **1920.55-2** |
| **Somerset** | **1920.55-2** |
| **Sullivan** | **1920.55-2** |
| **Susquehanna** | **1920.55-2** |
| **Tioga** | **1920.55-2** |
| **Union** | **1920.55-2** |
| **Venango** | **1920.55-2** |
| **Warren** | **1920.55-2** |
| **Washington** | **1920.55-2** |
| **Wayne** | **1920.55-2** |
| **Westmoreland** | **1920.55-2** |
| **Wyoming** | **1920.55-2** |
| **York** | **1920.55-2** |

**Explanatory Comment—1995**

The proposed amendments create alternative procedures for appeal from the recommendation of a master in divorce. Rule 1920.55-1 states that, if the court chooses to appoint a master, the exceptions procedure set forth in proposed Rule 1920.55-2 will be used unless the court has, by local rule, adopted the alternative procedure of proposed Rule 1920.55-3.]

*Note:* For a complete list of the Alternative Hearing Procedures for each county: http://www.pacourts.us/courts/supreme-court/committees/rules-committees/domestic-relations-procedural-rules-committee.

## Explanatory Comment

**The 1995 amendments created alternative procedures for appeal from the recommendation of a master in divorce. Pa.R.C.P. No. 1920.55-1 states that, if the court chooses to appoint a master, the exceptions procedure set forth in proposed Pa.R.C.P. No. 1920.55-2 will be used unless the court has, by local rule, adopted the alternative procedure of proposed Pa.R.C.P. No. 1920.55-3.**

**In lieu of continuing the practice of including in the Note a 67-county list identifying the hearing procedure selected by the local county court, the list can now be found on the Domestic Relations Procedural Rules Committee website.**